EDWARDS, Judge.
These consolidated suits deal with the efforts of South Central Bell Telephone Company (Bell) to obtain a right-of-way for the construction of underground conduits and manholes on the Tangipahoa Parish property of Anthony V. Sirone.
Sirone brought suit to enjoin Bell from trespassing or constructing additional works on his property. He also sought the removal of encroaching works previously built and $75,000 in damages. Bell, pursuant to LSA-R.S. 45:781 and R.S. 19:1 et seq., filed suit to expropriate the needed right-of-way.
Following trial, the district court made several findings of fact and conclusions of law. Judgment was signed pursuant to the findings. We adopt the findings of fact and conclusions of law as our own.
“1. An aerial and/or underground cable of South Central Bell has been in place from point A to point D as shown on the survey of A. J. Zabbia dated November 1, 1976, December 17, 1976 and March 30, 1977 (admitted in evidence as South Central Bell Exhibit # 1) for various lengths of time, but all dating from prior to the year 1976.
2. Sirone knew or should have known of the existence of the cables from the physical evidence present, i.e. poles, wires, junction boxes and trenching operations to install the cables.
3. The St. Julian Doctrine applied at the time of the construction of the aerial and underground cables, as they were installed prior to the decision in the case of Lake Inc. versus Louisiana Power and Light Company in 1976.
4. The man hole for the junction box is situated one half on the highway right-of-way and one half on Si-rone’s property.
5. The right-of-way or servitude requested by South Central Bell as *194 discribed (sic) and shown on the plat of A. J. Zabbia referred to above, is required in the public interest, convenience, and necessity, and South Central Bell is entitled to obtain the same by means of expropriation. The route taken as shown on said plat and requested by South Central Bell is the most feasible and practicable one available under the circumstances of this case.
6. The value of the servitude expropriated is $3,305.00. This is computed as 15 percent of the value of the land, which is $22,033.75, based on the stipulated area of 4,406.75 square feet, at a value of $5.00 per square foot established by the testimony of Mr. Kermit Williams. There are no improvements on the land taken by the servitude, other than paved driveways which can be bored under without damage.
7. Sirone suffered damages in the amount of $1,500.00 by the trespass of South Central Bell in digging on his property and installing one half of the junction box, or manhole, without his prior consent. Sirone could have minimunized (sic) his damages by allowing the hole around the junction box to be filled rather than keeping the hole open and the area barricaded from the time of installation until the date of trial.
8. There has been insufficient proof of any severance damages to the remaining property of Sirone. The servitude covers a portion of Sirone’s property upon which Sirone could not build because of its immediate proximity to the highway. Its use is limited to parking and access. The buried cable will not interfere with its use for these purposes, nor will the manhole cover, which will be flush with ground level. The only inconvenience after the initial construction will be on those occasions when South Central Bell must go into the junction box to perform some type of maintence (sic) or repair on cable situated therein. These occasions should not damage the remaining property of Sirone. Any inconvenience should not compare with the danger posed by the open hole and the barracade (sic) which has been there from October 6,1976 to the date of the trial, which apparently had no adverse affect on the remainder of Sirone’s property.
9.The expert witness fees of A. J. Zabbia, Clifford G. Webb, Kermit Williams, John Deano, Jr. and Hubert Smith are fixed in a sum of $100.00 each and are taxed as cost of these proceedings.
10. All costs of these proceedings are to be paid by South Central Bell.
11. All exceptions filed in these proceedings are hereby overruled and all other demands of the parties are hereby denied.”
Sirone appeals, objecting to virtually all the trial court’s findings. Our review indicates only three objections need be treated. We first address appellant’s primary contention — that eighty and not fifteen percent of market value should have been used as the measure of compensation for the servitude.
Article I, Section 4 of the Louisiana Constitution of 1974 requires that “just compensation” be paid to an owner for property taken or damaged and that he “be compensated to the full extent of his loss.”
The trial court found that Sirone retained eighty-five percent usage of the property taken for Bell’s underground right-of-way. Sirone’s only reasonable use of the expropriated land is a parking area. Underground cables will not interfere with this use.
Appellant cites Claiborne Electric Cooperative, Inc. v. Garrett, 357 So.2d 1251 (La.App.2nd Cir. 1978), and Louisiana Power & Light Company v. Caldwell, 353 So.2d 371 (La.App.1st Cir. 1977), as cases in which higher percentages of market value (90 and *195 75 respectively) were allowed the landowner for the servitude and urges this court to do likewise. We disagree. Each case of this type must be decided on its own facts and, at any rate, the cited cases are inapplicable because they deal with takings for the construction of high tension wires and not underground cables. The award made of $3,305.00 was eminently reasonable considering all the circumstances.
Sirone objects to the fixing of Kermit Williams’ expert witness fee at only $100.00. This was the sum awarded to each expert. Evidently the trial court did not view Williams’ work as being more valuable than, or having greater weight than, that of the other experts. We find no abuse of discretion in the amount awarded.
Appellant urges that, under authority of LSA-R.S. 19:8[1] Bell must pay reasonable attorney fees. From the record and appellant’s brief, it is clear that some negotiations about compensation took place. As presented by plaintiff, however, evidence as to the highest amount offered is unclear. Nor can we accept appellant’s argument that Bell made no good faith offer at all. The posture of the record makes the trial court’s refusal to award attorney fees reasonable.
For the foregoing reasons, the trial court judgment is affirmed. All costs of this appeal are to be paid by Anthony V. Sirone.
AFFIRMED.

. LSA-R.S. 19:8 provides in part:
“A. Expropriation suits shall be tried in term time or in vacation and shall be conducted with preference and with the greatest possible dispatch. Judgments may be signed in term time or in vacation. All issues shall be decided by the trial judge. However, when a jury trial has been demanded, the judge shall hear the evidence on all issues, other than the measure of compensation and shall render a decision within five days. If the trial judge decides in favor of the expropriating authority, then within thirty days after such decision, a jury shall be impaneled to determine the measure of compensation. Immediately after compensation has been determined, the plaintiff shall, upon motion of the defendant, present evidence as to the highest amount it offered the defendant for the property prior to trial on the merits. After hearing evidence on the issue, the court shall determine the highest amount offered. If the highest amount offered is less than the compensation awarded, the court may award reasonable attorney fees. The expropriating authority shall not be entitled to possession or ownership of the property until a final judgment has been rendered and payment has been made to the owner or paid into the registry of the court, except as may otherwise be stipulated by the parties.”